Frank Pierce v. M. R. Watkins, Trustee.

1. Attachment. *Rent. Claimant. Notice. Code* 1880, § 1318; *Code* 1892, § 2533.

   A claimant of goods attached for rent is to be treated, on the interposition of his claim, as a plaintiff in replevin, and should give due attention to the prosecution of his suit, without notification thereunto.

2. Same. *Case.*

   When his claim of goods attached for rent has been determined adversely to a claimant by a justice of the peace who was without jurisdiction, and, in consequence of his successful appeal to the circuit court, the papers are sent back and transferred for trial to a justice having jurisdiction, he is not entitled to be notified of the transfer.

From the circuit court of Newton county.

Hon. A. G. Mayers, Judge.

The judgment appealed from was rendered in a proceeding by certiorari to set aside the judgment of a justice of the peace. The opinion sufficiently states the case.

*A. M. Byrd, J. M. Gage,* and *Geo. C. Tann* for the appellant.

The facts stated in the petition for the writ of certiorari do not disclose any errors of law. The case was properly transferred under § 2534, code 1892. The petitioner, as claimant of the goods attached in the justice's court, was plaintiff, and was not entitled to notice of the transfer of the case to the proper magistrate. *Parkhurst* v. *Dunlap*, 6 How., 577. Of course, the court will confine its attention to matters of record in considering an appeal from a judgment in a proceeding by certiorari. Code 1892, § 89.

*S. B. Watts*, for the appellee.

1. There is no provision of law for the transfer of cases from

one justice of the peace to another, except § 2395, code 1892, which does not embrace a transfer like the one in question. Section 2534 has reference to § 2518, code 1892, and is no authority for such a transfer.

2. The appellee should have been notified that the case was in the court to which it was transferred, especially since the law provided for two justices of the peace in the district, and it is presumable that there were two. Code 1892, § 2392. He was without notice of any kind of the time and place of trial.

Cooper, C. J., delivered the opinion of the court.

The appellee, a third person, claiming to be the owner of certain goods seized under an attachment for rent, interposed a claim therefor under the provisions of the code of 1880. He was therefore to be treated as a plaintiff in replevin. Code, 1880, § 1318; Code 1892, § 2533. As such plaintiff, it was his duty to prosecute his suit; to take notice of the return of the papers to the proper court, and of all steps thereafter taken in the cause. We know no statute which requires process to be issued to him, the plaintiff in the suit, upon the transfer of the papers from the court to which they were improperly returned to the proper court. The record shows that from a judgment against him, rendered, as he successfully contended, by the wrong justice, he prosecuted an appeal to the circuit court. He now contends that, upon the return of the papers from the circuit court to the justice of the peace, he was entitled to notice of the transfer to the proper officer, and that this notice, the record must affirmatively show, was given to him. It is not pretended that the cause was not transferred to and tried by the proper officer; the sole contention is that the judgment was void because no process was shown to have been issued to him. The court below should have quashed the writ and awarded a procedendo to the justice of the peace to execute the judgment he had entered.

*The judgment of the court below is reversed and judgment will be entered here as above indicated.*